IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAYTHAM ALMUNIR,

    Plaintiff,

  vs.                          No. CIV S-10-0733 JAM GGH PS

AURORA LOAN SERVICE, LLC, et al,[1]

                                        FINDINGS AND RECOMMENDATIONS

    Defendant.

_____/

    Plaintiff is proceeding in this action pro se. Presently before the court is defendants' Aurora Loan Services, LLC ("Aurora") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") motion to dismiss, filed April 2, 2010.[2] After reviewing the parties' papers, the court now issues the following order.

BACKGROUND

    Defendants removed this action to federal court on March 26, 2010. The complaint, filed February 2, 2010 in superior court, alleges only state law causes of action.

---

[1] Defendant states that the correct name for this defendant is Aurora Loan Services, LLC.

[2] This matter was scheduled for hearing on May 6, 2010, but was taken under submission without a hearing after it was determined that oral argument was unnecessary.

1

1      Plaintiff's opposition asserts that he obtained a loan on October 13, 2005, to
2 refinance and consolidate multiple debts secured by his home.  (Oppo. at 3.)  The complaint
3 alleges that plaintiff executed a Deed of Trust on August 23, 2005, and this date is verified by the
4 Trustee's Deed Upon Sale.  (Compl. ¶ 20; RJN, Ex. 1.)  Plaintiff claims he was not provided any
5 documents at closing and despite his efforts, documents were never provided to him at any time.
6 (Id.)  The complaint alleges that non-moving defendant "South Pacific Financial Corp dba
7 Funding Solution Pancorp," was the original lender for plaintiff's trust deed and note.  (Compl. ¶
8 1.)  It alleges that moving defendant Aurora was the servicer of the loan.  The Trustee's  Deed
9 Upon Sale indicates that Aurora is the current title holder to the property based on the trustee's
10 sale of December 11, 2009.  (Defs.' RJN, Ex. 1.)  The allegations in the complaint are that even
11 though plaintiff defaulted on his loan on about March 16, 2009, his default was excused based on
12 the prior breach of the terms of the notes by defendants, as well as the lack of required signature
13 on the notice of default.  (Compl. ¶ 14.)  Plaintiff further alleges that the notice of trustee's sale is
14 invalid because the notice of default and/or notice of trustee's sale did not contain the required
15 declaration of due diligence.  (Id. at ¶ 15.)  The complaint also alleges that "plaintiff was never
16 explained the full terms of their loan, including but not limited to the rate of interest[,] how the
17 interest rate would be calculated, what the payment schedule should be, the risks and
18 disadvantages of the loan, the prepay penalties, the maximum amount the loan payment could
19 arise to."  (Id. at ¶ 51.)  Plaintiff seeks an order enjoining defendants from foreclosing on his
20 home, cancellation of the sale and return of the property, as well as damages.

21 DISCUSSION

22      I.  Legal Standards

23      In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),
24 a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"
25 it must contain factual allegations sufficient to "raise a right to relief above the speculative
26 level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The

pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

## II. Analysis

Defendants move to dismiss based on failure to make any specific allegations against Aurora or MERS, but that the complaint only refers to all defendants as a group. The complaint fails to state any federal claims whatsoever; however, defendants argue in support of removal by claiming that plaintiff had attempted to bypass TILA's one year statute of limitations by filing state law claims which contain a longer statute of limitations period. In their declaration in support of removal, defendants contend that the action necessarily raises the federal issue of whether the 2005 loan to plaintiff met the requirements of TILA. They cite multiple paragraphs of the complaint in support. (Compl., ¶¶ 20, 51, 52, 57, 93, 108, 114, 121, 131, 138, 143, 152, 170, 176, 178.)[3] In anticipation of any argument that these citations state only facts supporting state law claims, defendants posit that such facts are premised on a TILA claim which preempts state law claims. In his opposition, plaintiff assumes without discussing that he has TILA claims by discussing them as such.

### A. Preemption

It must first be determined whether removal was proper in light of a complaint which contains no federal claims. If removal was not proper, this court has no federal subject matter jurisdiction. "Unlike ordinary preemption, which would only arise as a federal defense to a state-law claim, complete preemption operates to confer original federal subject matter jurisdiction *notwithstanding the absence of a federal cause of action on the face of the complaint*." W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5, *quoting* In re U.S. Healthcare, Inc., 193 F.3d 151, 160 (3rd Cir. 1999) (emphasis added). See also In re Miles, 430 F.3d 1083, 1088 (9th Cir. 2005).

\\\\\

---

[3] Paragraphs 178 through 182, at pp. 41-42, are missing from the copy of the complaint filed with defendants' notice of removal. (Dkt. # 3.)

4

The extent to which federal law preempts state law claims relating to mortgage lending is unclear. TILA includes a broad "savings clause" that limits TILA's preemptive effect. 15 U.S.C. § 1610. However, the Office of Thrift Supervision has promulgated a regulation under the Home Owners Loan Act, 12 U.S.C. § 1461 that purports to preempt "the entire field of lending regulation for federal savings associations." 12 C.F.R. § 560.2(a). The Ninth Circuit upheld this regulation in Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001 (9th Cir. 2008). In Silvas, plaintiffs brought claims under California's Unfair Competition Law, Cal. Bus. and Prof. Code section 17200 et seq., ("UCL") arguing that defendant had advertised that certain payments where non-refundable when TILA required that defendant make a refund available. Silvas, 514 F.3d at 1003. The panel held that plaintiffs' claims were preempted by the OTS's HOLA regulation. Id. at 1005 (citing 12 C.F.R. § 560.2). This result was based on the conclusion that plaintiffs sought to use the UCL to directly regulate credit activities. Id. at 1006 (applying 12 C.F.R. § 560.2(b)). The panel then stated that while it "[did] not reach the question" of whether plaintiffs' application of the UCL would be preempted as a law that only incidentally affected credit activities, but that if the panel were to reach the question, it would hold that the UCL was preempted insofar as it provided a longer statute of limitations than TILA. Id. at 1006-07, 1007 n.3.

District courts have differed in their application of Silvas to subsequent foreclosure cases. Several courts have read Silvas to have held that numerous state law claims were preempted in their entirety. Naulty v. Greenpoint Mortg. Funding, Inc., No. C 09-1542, 2009 WL 2870620 (N.D. Cal. Sept. 3, 2009), Kelley v. Mortgage Elec. Registration Sys., 642 F.Supp.2d 1048 (N.D. Cal. 2009). Others have read Silvas for the narrow proposition that the UCL may not be used to extend TILA's statute of limitations. Santos v. Countrywide Home Loans, 2009 WL 2500710 (E.D. Cal. Aug. 14, 2009).

In this case, defendants cite Silvas for the proposition that the UCL and fraud claims may not be used to extend TILA's statute of limitations – that is, that if the UCL and fraud

claims are predicated upon a violation of TILA, the UCL and fraud claims must be brought within TILA's limitations period. Silvas spoke to this specific issue in detail. Silvas, 514 F.3d at 1007 n.3. While this discussion is explicitly demarcated as dicta, it is dicta that this court does not disregard lightly. See United States v. Montero-Camargo, 208 F.3d 1122, 1133 n.17 (9th Cir. 2000) (discussing the weight accorded to dicta of a reviewing court). There being no adverse reasoning, the court follows Silvas on this issue.[4]

Although preemption is largely a defense, in this case complete preemption operates to provide this court with original subject matter jurisdiction, and therefore removal was proper, despite the lack of a complaint containing federal claims. Plaintiff's second, fifth, sixth and eighth causes of action are TILA claims cleverly pleaded as state law claims.

B. TILA

Defendants correctly argue that plaintiff is barred by the statute of limitations which requires that an action be brought within one year for damages claims, and three years for rescission claims.

TILA violations include the failure to provide the required disclosures pursuant to 15 U.S.C. § 1631 and the failure to clearly and conspicuously disclose information relating to the "annual percentage rate" and the "finance charge" pursuant to 15 U.S.C. § 1632. To recover damages arising from alleged TILA violations, a plaintiff must file an action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

The loan transaction at issue was executed on August 23, 2005. (Compl. ¶ 20; RJN, Ex. 1.) The statute of limitations therefore expired in August, 2006. Plaintiff filed the instant action on February 2, 2010. Therefore, his claim for damages under TILA is time barred.

\\\\\

\\\\\

---

[4] More than the lack of opposition on this legal issue by plaintiff, is plaintiff's concession by re-characterizing his claims under TILA in his opposition.

6

Any claim for rescission is also time barred. Section 1635(b) provides for the return of money or property upon rescission.[5] Where the required forms and disclosures have not been delivered to the obligor, 15 U.S.C. § 1635(f) provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."

Providing notice of rescission within the three year period is irrelevant to whether plaintiff timely files a claim seeking rescission. Falcocchia v. Saxon Morg., Inc., No. Civ. S-09-2700 LKK GGH, 2010 WL 582059, *6 (E.D. Cal. Feb.12, 2010). Plaintiff must file a complaint seeking rescission before the statute of limitation expires. The three year period for filing TILA rescission claims is an absolute statute of repose that cannot be tolled. Miguel v. Country Funding Corp., 309 F.3d 1161 (9th Cir.2002).

Setting aside the issue of whether the required forms and disclosures were made to plaintiff, the transaction was consummated on or about August 23, 2005. The property was sold in a foreclosure sale on December 11, 2009. (RJN Ex. 1.) Plaintiff filed this action on February 2, 2010. Therefore he is barred from seeking rescission.

Furthermore, the Ninth Circuit has held that rescission under TILA "*should* be conditioned on repayment of the amounts advanced by the lender." Yamamoto v. Bank of N.Y., 329 F. 3d 1167, 1170 (9th Cir. 2003) (emphasis in original). District courts in this circuit have dismissed rescission claims under TILA at the pleading stage based upon the plaintiff's failure to allege an ability to tender loan proceeds. See, e.g., Garza v. Am. Home Mortgage, 2009 WL

---

[5] 15 U.S.C. § 1635(b) provides in pertinent part:

> When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. . . .

188604 at *5(E.D. Cal. 2009) (stating that "rescission is an empty remedy without [the borrower's] ability to pay back what she has received"); Ibarra v. Plaza Home Mortgage, 2009 WL 2901637 at *8 (S.D. Cal. 2009); Ing Bank v. Korn, 2009 WL 1455488 at *1 (W.D. Wash. 2009). In this case, plaintiff has failed to allege any facts relating to his ability to tender the loan proceeds, or that he in fact ever tendered the loan proceeds.

Finally, rescission is not available under TILA because the transaction for which plaintiff seeks rescission was a "residential mortgage transaction," within the meaning of § 1602(w) (security interest sought against plaintiff's dwelling for the purpose of acquiring it),[6] and was therefore expressly exempt from TILA's disclosure and rescission rights pursuant to § 1635(e)(1) ("[t]his section does not apply to. . . a residential mortgage transaction as defined in section 1602(w) of this title"). See also, 12 C.F.R. § 226.23 (f) (exempting residential mortgage transactions from rescission rights).[7]

Accordingly, the court finds that plaintiff has failed to state a claim under the Truth in Lending Act.

### C. State Law Claims

As there are no federal claims remaining, this court declines to exercise supplemental jurisdiction over plaintiff's possible state law claims. See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim ...if – the

---

[6] 15 U.S.C. § 1602(w) provides: "The term 'residential mortgage transaction' means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." Accord, 12 C.F.R. § 226.2(a)(24).

[7] Defendants also assert there is no right of rescission for "unconsummated transactions," as they characterize the parties' disputed agreements. Plaintiff retorts that the parties' Mortgage Transaction was "consummated" because plaintiff met all conditions precedent and defendants continue to retain plaintiff's deposit in a non-interest-bearing account. The court need not reach this issue. It is clear the mortgage at issue is a "residential mortgage" within the meaning of section 1602(w) and therefore exempt from TILA's disclosure and rescission rights pursuant to section 1635(e)(1).

district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000-1001 (9th Cir. 1997) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims' "), quoting Carnegie-Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S. Ct. 614, 619, n. 7 (1988).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that: the motion to dismiss, filed by defendants Aurora and MERS on April 2, 2010, be granted with prejudice for lack of subject matter jurisdiction, and that the court declines to exercise jurisdiction over plaintiff's state law claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   05/25/2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Almunir0733.mtd.wpd